UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-14134-RAR

**PHILLIP S. WRIGHT, JR.**,

    Plaintiff,

v.

**CAPTAIN A. ZAVELGHOUN**, *et al.*,

    Defendants.
_____/

## ORDER TO AMEND

**THIS CAUSE** comes before the Court on Plaintiff Phillip S. Wright's *pro se* Complaint for Violation of Civil Rights, [ECF No. 1], and Application to Proceed in District Court Without Prepaying Fees or Costs, [ECF No. 3]. Plaintiff, who is incarcerated at Florida State Prison in Raiford, Florida, alleges that Defendants—three state correctional officers—deprived him of his legal paperwork from November 29, 2024, to March 4, 2025. *See* Compl. at 4. As a result, Plaintiff missed his deadline to file a petition in the United States Supreme Court for a writ of certiorari in his criminal case. *See id.* at 5. In the Complaint, Plaintiff now seeks compensatory and punitive damages, claiming that Defendants violated his First Amendment right of access to court and his Fourteenth Amendment due process rights. *See id.* at 4–5. After careful review, the Court finds that the Complaint must be **DISMISSED without prejudice** for failure to state a claim upon which relief can be granted, but Plaintiff is afforded one opportunity to amend.

## BACKGROUND

Plaintiff purports to bring his claims under 42 U.S.C. § 1983. *See* Compl. at 3. His allegations are as follows. On November 29, 2024, Plaintiff was incarcerated at Okeechobee

Correctional Institution in Okeechobee, Florida. *See id.* at 6. Though Plaintiff was not subject to a property restriction, he "was not given his property, which contained his legal work." *Id.* On or around December 2, 2024, Plaintiff received an order from the United States Court of Appeals for the Eleventh Circuit "denying his Motion for Reconsideration" in his criminal case. *Id.* On December 3, 2024, Plaintiff filed an informal grievance with Okeechobee C.I. correctional officers expressing "his need for his property" to, among other things, seek certiorari review in the U.S. Supreme Court. *Id.*

An officer returned Plaintiff's grievance, explaining to Plaintiff that he had failed to comply with the prison's grievance procedures. *See id.* Plaintiff was directed "to submit an Inmate Request" to the Property Sergeant for proper resolution of his issue. *Id.* Plaintiff appealed the return of his grievance to the Warden. *See id.* On December 13, 2024, Defendant Colonel T. Hawkins returned Plaintiff's appeal and stated, as the previous officer had explained, that Plaintiff "was required to submit a request in writing using the Inmate Request form and send it to the appropriate department for review and processing[.]" *Id.* at 7 (alteration added). The response was signed by Defendant Assistant Warden J. Holtz.

On December 15, 2024, Plaintiff submitted an Inmate Request to the Property Sergeant, "requesting to be given his property as soon as possible" and referencing his "court proceedings and deadlines." *Id.* Four days later, when asked by Defendant Hawkins if "everything [was] all right," Plaintiff responded negatively, as "he had not received his property yet." *Id.* (alteration added). Defendant Hawkins responded, "You should not have showed your ass[,]" and walked away. *Id.* (alteration added). On December 26, 2024, Plaintiff filed a grievance with the Secretary of the Florida Department of Corrections, explaining that Hawkins's comment "was proof that the Institution was deliberately depriving [Plaintiff] of his property." *Id.* (alteration added).

Plaintiff filed another grievance on December 27, 2024, explaining that he "had not received a response" to his Inmate Request. *Id.* at 8. On January 1, 2025, Defendant Captain A. Zavelghoun denied his grievance, writing that prison staff had already recovered and returned Plaintiff's inventoried property. *See id.* Plaintiff appealed Defendant Zavelghoun's response on January 9, 2025 to the Warden, "stating that the response given did not address his problem[.]" *Id.* (alteration added). On January 21, 2025, Defendant Hawkins "responded to and approved" Plaintiff's grievance, stating that Plaintiff's request "ha[d] been forward[ed] to the library to have [his] stored legal documentation brought to [him]." *Id.* at 9 (cleaned up). Defendant Holtz signed the response. *See id.* Later that month, Plaintiff confronted both Defendants Holtz and Hawkins about his still-missing paperwork. *See id.* Plaintiff's time to seek certiorari review expired in early March 2025, when he <u>still</u> had not received his legal papers—even upon Plaintiff's March 4, 2025 transfer from Okeechobee C.I. to Florida State Prison, Main Unit. *See id.*

## **LEGAL STANDARDS**

The Court "*shall* review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A (emphasis added). The definition of a "prisoner" includes "any person incarcerated or detained in any facility who is . . . accused of [or] convicted of . . . violations of criminal law." *Id.* § 1915A(c). In conducting its screening of a prisoner's complaint, the Court must "dismiss the complaint[] or any portion of the complaint," when it is (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted[;]" or (2) "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Similarly, if a plaintiff wishes to proceed *in forma pauperis* rather than prepaying the filing fee, § 1915(e)(2) requires the court to "dismiss [a] case

*at any time* if the court determines that . . . the action" fails for the same enumerated reasons articulated under § 1915A. *Id.* § 1915(e)(2)(B) (emphasis added).

To state a claim upon which relief may be granted, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level"—with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Under this standard, legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Moreover, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (internal quotation marks omitted).

Although the Court must hold the allegations in a *pro se* civil rights complaint "to a less stringent standard than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), *pro se* litigants are still required to comply with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Florida, *see Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[A *pro se* litigant] is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."); *see also* S.D. FLA. L.R. 1.1 (explaining the Local Rules apply in all proceedings unless otherwise indicated and that the word "counsel" shall apply to a party that is proceeding *pro se*). The Federal Rules of Civil Procedure require, in pertinent part, that a pleading that states a claim for relief contain "a short and plain statement of the grounds for a court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought[.]" FED. R. CIV. P. 8(a). "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of

circumstances[,]" and "each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense." *Id.* 10(b).

*Pro se* litigants should ordinarily be afforded an opportunity to amend. *See Mederos v. United States*, 218 F.3d 1252, 1254 (11th Cir. 2000). However, failure to adhere to procedural rules or court orders, of course, provides grounds for dismissal. *See Brutus v. Int'l Equity Lifestyle Props, Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240–41 (11th Cir. 2009) (explaining that dismissal of the action may be severe but warranted when the grounds for dismissal were previously notified). Indeed, *pro se* litigants are not exempt from procedural rules. *See McLeod*, 679 F. App'x at 843. Furthermore, pleadings must be verified—which is to say, signed and dated under penalty of perjury—pursuant to Local Rule 88.2. Lying under oath, either live or "on paper," can subject plaintiffs to future criminal prosecution for giving a false statement. *See generally United States v. Roberts*, 308 F.3d 1147, 1155 (11th Cir. 2002) (showing a defendant who falsely subscribed to statements in a habeas petition resulted in a perjury prosecution).

## ANALYSIS

Turning to the Complaint, the Court finds that it contains two deficiencies which Plaintiff must correct before he can proceed to service of process. First, Plaintiff fails to state a claim upon which relief can be granted under the First and Fourteenth Amendments. Second, the Complaint was not signed under penalty of perjury and thus violates this District's Local Rules.

### I. Access-to-Court Claim

Plaintiff falls short of stating a plausible access-to-court claim under the First Amendment. To state an access-to-courts claim under the First Amendment, "a plaintiff cannot merely allege a denial of access to a law library or adequate attorney, even if the denial is systemic." *Wilson v. Blankenship*, 163 F.3d 1284, 1291 (11th Cir. 1998) (cleaned up). Rather, the plaintiff must allege

an "actual injury" deriving from the alleged lack of access to the courts; "that is, actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis v. Casey*, 518 U.S. 343, 348 (1996) (internal quotation marks and citation omitted). In other words, he or she must demonstrate that inadequate access to counsel or legal materials "hindered his efforts to proceed with a legal claim in a criminal appeal, postconviction matter, or civil rights action seeking to vindicate basic constitutional rights." *Id*. (internal quotation marks and citation omitted). The plaintiff "must provide evidence of such deterrence, such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of prison officials." *Id.* at 1290–91.

This essential requirement means that "the [defendant's] actions which allegedly infringed an inmate's right of access to the courts must have frustrated or impeded the inmate's efforts to pursue a <u>nonfrivolous</u> legal claim." *Bass v. Singletary*, 143 F.3d 1442, 1445 (11th Cir. 1998) (alteration and emphasis added); *see also Lewis*, 518 U.S. at 353 n.3 ("Depriving someone of an arguable (though not yet established) claim inflicts actual injury because it deprives him of something of value—arguable claims are settled, bought, and sold. Depriving someone of a frivolous claim, on the other hand, deprives him of nothing at all, except perhaps the punishment of Federal Rule of Civil Procedure 11 sanctions."). The plaintiff must describe his or her frustrated predicate claim "well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." *Christopher v. Harbury*, 536 U.S. 403, 416 (2002); *see also Barbour v. Haley*, 471 F.3d 1222, 1226 (11th Cir. 2006) (providing that the actual-injury element requires the plaintiff to "identify within his complaint[] a nonfrivolous, arguable underlying claim" (alteration added)).

Here, Plaintiff alleges that Defendants, over the course of several months, refused to provide him with his legal papers necessary to file a petition for a writ of certiorari with the U.S. Supreme Court, thus denying his right of access to the courts. At the outset, the Court will assume that Defendants' acts of deterrence, if true, are actionable. *See, e.g.*, *Wright v. Newsome*, 795 F.2d 964, 968 (11th Cir. 1986) ("The allegation that prison officials seized Wright's pleadings and law book and destroyed other legal papers clearly states a claim of denial of access to the courts. Prison officials may not deny or obstruct an inmate's access to the courts." (citation omitted)); *Bass*, 143 F.3d at 1445 (recognizing that the prisoner in *Wright* "sufficiently asserted that confiscation of the legal papers impaired his ability to challenge his conviction" and that a "district court therefore could not have dismissed [his] access-to-courts claim based upon a failure to allege actual injury" (alteration added)).

The core dilemma with Plaintiff's Complaint, however, is that "he provides no specific cases or claims being pursued[.]" *Al-Amin v. Smith*, 511 F.3d 1317, 1333 (11th Cir. 2008). Plaintiff merely states that he "received legal mail from the United States Court of Appeals for the Eleventh Circuit, denying his Motion for Reconsideration," from which he desired to appeal. Compl. at 6 (alteration added). Plaintiff adds that he "was challenging his conviction and sentences[,]" and the last court judgment—presumably the Eleventh Circuit's denial order—was entered on November 26, 2024. *Id.* at 5 (alteration added). But he has plainly failed to identify the underlying criminal case or any potential grounds he sought to raise in his petition for a writ of certiorari; thus, it is impossible for this Court to determine whether Plaintiff's predicate claim would have presented a nonfrivolous issue. *See, e.g.*, *Cranford v. Nevada Dep't of Corr.*, 398 F. App'x 540, 548 (11th Cir. 2010) ("Cranford's assertions to this effect were conclusory, as he failed

to describe any nonfrivolous claims that he presented in these motions and petitions[.]" (alteration added)).

It is a different question entirely whether one's ability to petition the U.S. Supreme Court for certiorari review is covered by the right of access to courts in the first place. Although such claims have not been expressly foreclosed, the Eleventh Circuit has stated that "only the prosecution of a direct appeal of a conviction, a habeas corpus petition, or a civil rights suit are protected by the constitutional right to access the courts." *Elmore v. Cooper*, 476 F. App'x 700, 702 (11th Cir. 2012) (citation omitted). Considering the posture of this case, the Court expresses no opinion on the issue. Rather, in his Amended Complaint, Plaintiff must plead facts demonstrating that the claim he would have raised in the U.S. Supreme Court was a non-frivolous challenge to the Eleventh Circuit order he sought to be reviewed and/or Plaintiff's underlying conviction and sentence. For now, Plaintiff fails to state a valid access-to-court claim under the First Amendment.

## II. Procedural Due Process Claim

Plaintiff's second claim—that the deprivation of his property violated his due process rights under the Fourteenth Amendment—fares no better. "The Due Process Clause of the Fourteenth Amendment protects inmates from being deprived of personal property without due process of law." *Surdakowski v. Dixon*, No. 22-cv-00468, 2023 WL 4033603, at *5 (N.D. Fla. Apr. 27, 2023), *report and recommendation adopted*, 2023 WL 4029658 (N.D. Fla. June 15, 2023) (citing *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974)). But an "intentional deprivation of an inmate's personal property . . . 'does not constitute a violation of Due Process'"—and therefore fails as a § 1983 claim—where "'a meaningful [state] post-deprivation remedy for the loss is available.'" *Id.* (alterations added; quoting *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)); *see*

*also Lindsey v. Storey*, 936 F.2d 554, 561 (11th Cir. 1991) ("*Hudson* made clear that as long as <u>some</u> adequate post-deprivation remedy is available, no due process violation has occurred." (emphasis in original)). However, where a plaintiff alleges facts "demonstrating that the deprivation was the result of established state procedure"—in other words, that the deprivation was <u>not</u> "random or unauthorized"—then he cannot be expected to resort to state post-deprivation remedies. *Wright*, 795 F.2d at 967 (discussing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982); *Hudson v. Palmer*, 468 U.S. 517 (1984)).

Plaintiff fails to plead any facts reflecting that the officers' deprivation of his legal materials was the result of an established state procedure. It appears that officers routinely neglected Plaintiff's request for his legal work until his time to seek certiorari review expired, even after his December 15, 2024 grievance had been <u>approved</u>. He also insists that he was not subject to "any property restriction" which may have otherwise permitted the deprivation. Compl. at 6. Since nothing suggests, under these circumstances, that the alleged misconduct was permitted by established state procedures, Plaintiff can resort to available state post-deprivation remedies. For instance, Plaintiff can sue correctional officers for conversion of his personal property under Florida law. *See Jackson v. Hill*, 569 F. App'x 697, 698 (11th Cir. 2014) (citing *Case v. Eslinger*, 555 F.3d 1317, 1331 (11th Cir. 2009)); *see also Maldonado v. Nassau Cnty. Sheriff's Off.*, No. 20-cv-1109, 2022 WL 11771011, at *10 (M.D. Fla. Oct. 20, 2022) (holding that "an available, adequate post-deprivation remedy" existed under Florida law for an inmate alleging that jailers confiscated his USB drive). Accordingly, Plaintiff fails to state a plausible due process claim.

### III. Penalty of Perjury

Lastly, Plaintiff must cure a procedural defect in his Complaint, namely, that he failed to sign it under penalty of perjury. This District's Local Rules provide that a civil-rights complaint

submitted by a *pro se* prisoner "*must* be signed under penalty of perjury." S.D. FLA. L.R. 88.2(a) (emphasis added); *see also* FED. R. CIV. P. 11(a) ("*Unless a rule or statute specifically states otherwise*, a pleading need not be verified or accompanied by an affidavit." (emphasis added)). Therefore, in drafting his Amended Complaint, Plaintiff must sign it under penalty of perjury or risk dismissal of this case. *See Molina v. Satz*, No. 20-60121-Civ, 2020 WL 4381411, at *2 (S.D. Fla. July 31, 2020) (dismissing *pro se* prisoner's amended § 1983 complaint where, "despite multiple warnings," the prisoner "failed to follow the Local Rules" and comply with court directives to sign his complaint "under penalty of perjury"); *Moon*, 863 F.2d at 837 ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). Plaintiff is further warned that "[l]ying under oath, either live or 'on paper,' can subject plaintiffs to future criminal prosecution for giving a false statement." *Hrejn v. Centurion Med. Grp.*, No. 24-cv-14287, 2024 WL 4527434, at *1 (S.D. Fla. Oct. 18, 2024) (citing *Roberts*, 308 F.3d at 1155).

## CONCLUSION

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Consistent with the purpose of FED. R. CIV. P. 8, Plaintiff is granted leave to file an Amended Complaint **not to exceed twenty (20) pages** in length. Moreover, the Court encourages Plaintiff to make every effort to keep his allegations within the four corners of the complaint form and to keep attached additional pages at a minimum to better adhere to the page limitations set by this Order. If applicable, the Amended Complaint must contain a separate paragraph as to each Defendant explaining what that Defendant did and the supporting facts to show why that person or entity is being sued. The Clerk is further **INSTRUCTED** to provide Plaintiff with the Court's approved civil-rights complaint form entitled "Complaint for Violation of Civil Rights (Prisoner)."

2. On or before **June 2, 2025**, the Amended Complaint must be docketed, <u>**signed under the penalty of perjury**</u>, and contain a short and plain statement of a claim for relief, a basis for federal jurisdiction, and a demand for judgment. Plaintiff is reminded that the Amended Complaint must cure the deficiencies identified within this Order—it must be completed on the form, include a complete list of his prior litigation history, and provide all aliases by which he has been known. The Court will only consider claims raised in the Amended Complaint, and the Amended Complaint will be the operative document for the remainder of this action.

3. The Amended Complaint must be labeled "Amended Complaint" and must show the case number referenced above, so that it will be filed in this case.

4. Plaintiff is warned that failure to file the Amended Complaint on time and in compliance with this Court's Orders shall result in dismissal of this case for failure to prosecute or failure to comply with court orders. *See* FED. R. CIV. P. 41(b).

5. The Clerk's Office is instructed to administratively **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida, this 6th day of May, 2025.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc: Phillip S. Wright, Jr.
S17363
Florida State Prison
Inmate Mail/Parcels
23916 N.W. 83rd Ave.
Raiford, FL 32083
PRO SE